## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name    CRUZ          MATTHEW
      (Last)       (First)      (Initial)

Prisoner Number    F-03927

Institutional Address    P.O. BOX 409060, MULE CREEK STATE PRISON
IONE, CA. 95640

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

MATTHEW CRUZ,
(Enter the full name of plaintiff in this action.)

    vs.

RICHARD SUBIA, (Warden),

(Enter the full name of respondent(s) or jailor in this action)

CV 08 2793

Case No. _____
(To be provided by the clerk of court)

PETITION FOR A WRIT
OF HABEAS CORPUS

E-filing

(PR)

MMC

Read Comments Carefully Before Filling In

**When and Where to File**

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1 <u>Who to Name as Respondent</u>

2      You must name the person in whose actual custody you are. This usually means the Warden or

3 jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4 you are imprisoned or by whom you were convicted and sentenced. These are not proper

5 respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7 but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8 custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9 was entered.

10 <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11     1. What sentence are you challenging in this petition?

12         (a)    Name and location of court that imposed sentence (for example; Alameda

13              County Superior Court, Oakland):

14 SONOMA CO. SUPERIOR COURT           SANTA ROSA, CA.

15              Court                       Location

16         (b)    Case number, if known  MCR 448576

17         (c)    Date and terms of sentence  11/6/05; 13 YRS. 4 MOS.

18         (d)    Are you now in custody serving this term? (Custody means being in jail, on

19              parole or probation, etc.)      Yes <u> X </u>    No <u>     </u>

20              Where?

21              Name of Institution:  MULE CREEK STATE PRISON

22              Address:  P.O. BOX 400000, IONE, CA.

23     2. For what crime were you given this sentence? (If your petition challenges a sentence for

24 more than one crime, list each crime separately using Penal Code numbers if known. If you are

25 challenging more than one sentence, you should file a different petition for each sentence.)

26 Count 1: Voluntary Manslaughter (P.C. § 192; Count 2: Participation

27 In A Criminal Street Gang (P.C. § 186.22(a)); Count 3: Assault With

28 Force (P.C. § 245(a)(1): Weapons Use (P.C. § 12022(b)).

PET. FOR WRIT OF HAB. CORPUS      - 2 -

3. Did you have any of the following?

    Arraignment:                         Yes _X_     No _____

    Preliminary Hearing:            Yes _X_     No _____

    Motion to Suppress:           Yes _____    No _X_

4. How did you plead?

    Guilty _X_    Not Guilty _____    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?         Yes _____    No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment             Yes _X_    No _____

    (b)    Preliminary hearing     Yes _X_    No _____

    (c)    Time of plea            Yes _X_    No _____

    (d)    Trial                   Yes _____    No _____

    (e)    Sentencing             Yes _X_    No _____

    (f)    Appeal                Yes _____    No _____

    (g)    Other post-conviction proceeding    Yes _____    No _____

8. Did you appeal your conviction?     Yes _____    No _____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal          Yes _____    No _X_

        Year: _____    Result: _____

        Supreme Court of California    Yes _____    No _X_

        Year: _____    Result: _____

        Any other court          Yes _____    No _____

        Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS     - 3 -

1        petition?                Yes _____    No_____

2        (c)    Was there an opinion?       Yes _____    No_____

3        (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                        Yes _____    No_____

5        If you did, give the name of the court and the result:

6        _____

7        _____

8  9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9  this conviction in any court, state or federal?    Yes _____    No_____

10     [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition.  You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15  U.S.C. §§ 2244(b).]

16    (a)    If you sought relief in any proceeding other than an appeal, answer the following

17             questions for each proceeding.  Attach extra paper if you need more space.

18    I.    Name of Court: SONOMA CO. SUPERIOR COURT

19         Type of Proceeding: HABEAS CORPUS

20         Grounds raised (Be brief but specific):

21         a. SAME AS RAISED HEREIN

22         b._____

23         c._____

24         d._____

25         Result: DENIED _____ Date of Result: 10/1/07

26    II.   Name of Court: CAL. COURT OF APPEAL, FIRST DIST.

27         Type of Proceeding: HABEAS CORPUS

28         Grounds raised (Be brief but specific):

1      a. SAME AS RAISED HEREIN

2      b.

3      c.

4      d.

5      Result: DENIED       Date of Result: 10/24/07

6    III.   Name of Court: CALIFORNIA SUPREME COURT

7      Type of Proceeding: HABEAS CORPUS

8      Grounds raised (Be brief but specific):

9      a. SAME AS RAISED HEREIN

10      b.

11      c.

12      d.

13      Result: DENIED       Date of Result: 4/23/08

14    IV.   Name of Court:

15      Type of Proceeding:

16      Grounds raised (Be brief but specific):

17      a.

18      b.

19      c.

20      d.

21      Result:       Date of Result:

22   (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23               Yes _____    No _X_

24     Name and location of court:

25 B. GROUNDS FOR RELIEF

26       State briefly every reason that you believe you are being confined unlawfully. Give facts to

27 support each claim. For example, what legal right or privilege were you denied? What happened?

28 Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS     - 5 -

2004 Supp. App. 14-B. p. 29

1    need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3    petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5      Claim One:   AS SET FORTH BELOW

6    _____

7    Supporting Facts:_____

8    _____

9    _____

10    _____

11    Claim Two:_____

12    _____

13    Supporting Facts:_____

14    _____

15    _____

16    _____

17    Claim Three:_____

18    _____

19    Supporting Facts:_____

20    _____

21    _____

22    _____

23      If any of these grounds was not previously presented to any other court, state briefly which

24    grounds were not presented and why:

25    _____

26    _____

27    _____

28    _____

PET. FOR WRIT OF HAB. CORPUS      - 6 -

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3  of these cases:

4  _____

5  _____

6  _____

7  Do you have an attorney for this petition?                    Yes_____      No_ X _

8  If you do, give the name and address of your attorney:

9  _____

10     WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on  _S · 2 3 · 0 8_____          _Matthew Cruz_____

14               Date                              Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

                              6-A

PET. FOR WRIT OF HAB. CORPUS

            2004 Supp. App. 14-B, p.31

THE ISSUES HEREIN ARE PROPERLY PRESENTED:

The issues raise herein are properly presented to this court in a petition for writ of habeas corpus in that petitioner is seeking remedy for denial of fundamental constitutional rights and errors in sentencing which constitute a denial of constitutional due process of law and the right to trial.

This petition is timely brought: Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a petitioner seeking federal habeas corpus relief must file within one year from the latest of the following dates:

The conclusion of direct review or expiration of the time for weeking review;

The recognition by the Supreme Court of a new constitutional right that has been made retriactively applicable to cases on collateral review;

..........

First: The claims presented herein are based upon the holding of the United States Supreme Court's decision as set forth in **Cunningham v. Califor-nia**, (2007 ___ U.S. ____[127 S.Ct. 856] which was decided on January 22, 2007. Both state and federal courts have held that the finality date for a successful claim pursuant to Cunningham v. California , supra, is the date **Apprendi v. New Jersey** (2000) 530 U.S. 466 was decided. See People **v. Rosen** (2007) ___ Cal. App.4th ____. WL9000765; and, Reed **v. Schriro**, (2007) ___ F.Supp.2d ____. WL521016. Thus the matters presented herein are properly presented for collateral review under the "Teague/Lane Rule". See **Teague v. Lane** (189) 489 U.S. 228.

Second: The matters addressed pertain to sentencing only and do not effect findings of guilt of the charged offenses. Petitioner herein seeks correction of an unauthorized portion of his sentence. In the State of Calif-ornia there is no time limit for seeking review of an unauthorized sentence

7.

1    : **People v.** Scott (1994) 9 C4th 331, 354. Therefore, petitioner asserts that

2    his one year time limit under the AEDPA did not begin until 90 days (Time

3    petiod for Writ of Cert.) after the denial of his habeas corpus writ in the

4    California Supreme Court dated 4/23/08. See attached.

5    <u>INCORPORATION OF RECORDS AND DOCUMENTS</u>:

6         Petitioner hereby incorporates into this petition all documents appended

7    hereto and/or identified as exhibits and which are offered in support of

8    this petition. Petitioner further hereby incorporates into this petition

9    all documents, records and transcripts of proceedings in this case which

10   are presently on file in the sentencing court in case number MCR 448576.

11   <u>REQUEST FOR LIBERAL CONSTRUCTION AND INTERPRETATION</u>:

12        Petitioner hereby requests leave of this Honorable Court to file this

13   petition with liberal interpretation and construction standards pursuant

14   to the holding of the United States Supreme Court in **Hains v. Kerner,** 404

15   U.S. 519; and, Boag v. McDougal, 454 U.S. 364.

8.

STATEMENT OF THE CASE

Petitioner was taken into custody after he presented himself to the Santa Rosa Police Department and reported that he had been involved in a fight which may have resulted in a death. Subsequently petitioner was initially charged as follows:

Count 1: Second Degree Murder (P.C. § 189 [1].).

Count 2: Participation In A Criminal Street Gang (P.C. § 186.22(a).).

Count 3: Assault With Force Likely To Produce Great Bodily Injury (P.C. § 245(a)(1).).

The arrest occurred on September 7, 2004.

On November 15-16, 2004 a preliminary hearing was held after which petitioner was held to answer on the above charges. Information was filed in the Superior Court alleging the above counts and adding a Weapons Use allegation to Count 1 pursuant to P.C. § 12022(b) (knife).

The matter proceeded to trial. On the third day of trial the People offered the Petitioner a plea offer which he accepted. The agreement stipulated that Count 1 would be amended from Second Degree Murder to Voluntary Manslaughter (P.C. § 189). Petitioner would plead guilty to Count 1, nolo contendere to Counts 2 and 3 and admit the weapons use enhancement for a sentencing exposure no greater than 13 years and 8 months. Petitioner's date of conviction is 9/1/04. See Petitioner's

---

1. All statutory references are to the Penal Code unless otherwise indicated. All references to statutes and rules are to those as they existed during the time period relevant to matters presented herein.

9.

1   Exhibit A, a true and correct copy of the Abstract Of Judgment

2   in this case.

3       On November 11, 2004 petitioner was sentenced to an aggre-

4   gate term of imprisonment of 13 years and 8 months and pay a

5   restitution fine in the amount of $8,400. See Petitioner's

6   Exhibit B, a true and correct copy of the Reporter's Transcript

7   of sentencing proceedings in this matter.

8       Petitioner filed no notice of appeal.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

10.

## STATEMENT OF RELEVANT FACTS OF THE CASE

On September 7, 2004, at approximately 12:52 AM, officers were dispatched to Kaiser Hospital in regard to a stabbing that had occurred in the area of Piner Road and Coffey Lane in Santa Rosa California. The victim Ricardo Abadilla, suffered a single stab wound to his chest which had punctured his heart. Abadilla died at the hospital. Abadilla was 23 years old at the time.

Investigation revealed that Abadilla had been at a party on Waltzer Road in which approximately 20 Norteno gang members from South Park attended. Around 9:00 PM on September 6, 2004, the petitioner and Abadilla got into a fight in the garage of the residence. Other people at the party separated the two. Prior to the start of the fight, Abadilla told Cruz (Petitioner) "to back down". Neither Cruz  nor Abadilla suffered any injury as a result of the initial fight. After the fight, they shook hands. A few hours later, Cruz instigated a second fight against Abadilla. Cruz stabbed Abadilla with a knife. Abadilla yelled out that he had been stabbed and that Cruz had a knife. Cruz then walked away and Abadilla was given a ride to the hospital. Abadilla was conscious when he was taken to the hospital and it was noted he was bleeding from his chest.

On September 7, 2004, at approximately 3:25 AM, the petitioner went to the Santa Rosa Police Department stating he was involved in a fight that might have resulted in death. When initially interviewed, he stated he arrived at the party on Waltzer Road around 3:00 PM with an 18-pack of beer. He consumed alcohol throughout the party. Around 7:00 PM, Abadilla arrived

11.

1   at the party and Cruz noted he had been having problems with

2   Abadilla because of an issue between  Abadilla and Cruz's broth-

3   er. Cruz and Abadilla engaged in a fight inside of the garage

4   of the residence. Throughout the rest of the party, they argued.

5   Later that evening they engaged in another fight outside of

6   the residence. Abadilla was pounding him with his fists and

7   Cruz used his arm and hands to protect himself. Abadilla backed

8   away stating that he needed to go to the hospital. Cruz denied

9   stabbing the victim and denied being in possession of a knife.

10   Cruz had swelling on the left side of his face and head, includ-

11   ing his jaw , eye, and head. He was informed that Abadilla had

12   died.

13      During a subsequent interview, the petitioner made the

14   same claims adding additional information that he did not want

15   to fight Abadilla initially, but accepted Abadilla's challenge

16   anyway. While at the party, after the initial fight, he began

17   to feel uncomfortable and called his cousin for a ride. As he

18   was leaving, Abadilla confronted him on the street and wanted

19   to fight again. He did not want to fight, but Abadilla began

20   pushing him. Abadilla would not stop hitting him and no one

21   watching would break up the fight. Cruz became scared and pulled

22   a knife out of his pocket and stabbed Abadilla in an attempt

23   to get him off of him and to stop the hitting. After Cruz stabbed

24   Abadilla the victim backed away and asked to be taken to the

25   hospital. As Cruz was being driven home he threw the knife out

26   of the window of the vehicle.

27      During a search of the petitioner's residence, detectives

12.

1   found letters written to the petitioner from his brother. In

2   those letters he directed Cruz to "jump" another gang member.

3   He further told the petitioner to do something "right away"

4   about the problem with L.N. and "Ricky". He identified L.N.

5   and "Ricky" as cowards in that they did not have the right to

6   disrespect the gang. His brother also wrote about the night

7   in which Cruz was disrespected and was "jumped" by cowards.

8   There was gang writing in the letters including, "South Park

9   Northenos". Two red bandannas were located in the same dresser

10  drawer as well as several other red pieces of clothing. A folding

11  knife was also located, Several photographs were located in

12  the residence with Northeno gang members posing and throwing

13  hand gang signs. Cruz was in several of those photographs.

14      Based on the autopsy performed on Abadilla on September

15  28, 2004, the coroner determined the immediate cause of death

16  to be "stab wound of chest". The coroner also noted Abadilla

17  had abrasions on his face, on his right shoulder, contusions

18  on his right arm, and right groin area all consistent with him

19  being involved in a fight. The detective noted that when the

20  defendant was interviewed his blood alcohol content was .07%

21  and his blood later tested positive for THC.

22      The facts set forth above are taken directly from the

23  Presentencing Report filed in this case, whose facts, in turn,

24  stem from Santa Rosa Police Department Report No. 04-17161 and

25  Transcripts of the Preliminary Hearing of this matter. Petition-

26  er's Exhibit C is a true and correct copy of said Presentencing

27  Report.

13.

1    The case proceeded to a trial in which the prosecution

2    spent three days presenting it's case against the petitioner.

3    Before the defense had the opportunity to respond to the prose-

4    cution's case and present rebutting evidence, the prosecution

5    offered the petitioner a plea bargain which stipulate to a

6    sentencing exposure no greater than 13 years and 8 months.

7    Petitioner, upon advice of  counsel, accepted the offer in order

8    to avoid the potential for a sentencing exposure of 15 years

9    to life or greater.

10    Had the trial proceeded the defense would have presented

11    evidence that Abadilla left the party after the initial fight

12    with petitioner and returned with some of his friends as "back

13    up" with the intent to continue the earlier fight between he

14    and Petitioner. Abadilla was the aggressor.

15    <u>Sentencing</u>:

16    The Court imposed sentence as follows:

17    The sentence will be computed as fol-
lows: As to Count I, the violation of 192

18    of the Penal Code, I'm imposing the high
term based on the factors in aggravation

19    and in particular your prior convictions
and the fact you were on a conditional

20    sentence at the time of the offense, and
the nature of your conduct, to a term of

21    11 years. There will be an enhancement for
using the knife or 1 year, for a total of

22    12 years.

23    On Count II, a violation of 186.22(a)
of the Penal Code, I am imposing one third

24    of the midterm consecutively, and for Count
III, violation of 245(a)(1) of the Penal

25    Code, I am imposing one third of the midterm
consecutively, which is a term of 1 year.

26    So the total aggravated term is 13 years
8 months. And I'm imposing consecutive

27    sentencing based on the differing nature

14.

```
of the crimes and also upon the stipulation
that was entered into in regard to sentencing.
(RT 14:12-26, See Ex. B)
```

15.

**ARGUMENT**

<u>CLAIM I:</u>  PETITIONER WAS DENIED HIS RIGHT TO A JURY
TRIAL UPON FACTS NECESSARY TO IMPOSE A
SENTENCE BEYOND THE STATUTORY MAXIMUM
AUTHORIZED BY THE VERDICT OF THE JURY AT
TRIAL OR BY PLEA OF GUILTY TO THE CHARGED
OFFENSES IN VIOLATION OF THE SIXTH AND
FOURTEENTH AMENDMENTS OF THE CONSTITUTION
OF THE UNITED STATES, AND; ARTICLE I, §§
15 AND 24 OF THE CONSTITUTION OF THE STATE
OF CALIFORNIA

<u>Controlling Principals Of Law:</u>

"Lest there remain any doubt about the
constitutional stature of the reasonable
doubt standard, we explicitly hold that
the Due Process Clause protects the accused
against conviction except upon proof beyond
a reasonable doubt of every fact necessary
to constitute the crime with which he is
charged." **In re Windship, 397 U.S. 358,
at 364 (1970)**

"As we made clear in **Windship**, the 'reason-
able doubt' requirement 'has [a] vital
role in our criminal procedure for cogent
reasons.' 397 U.S., at 363" [citation
omitted] "prosecution subjects the criminal
defendant both to 'the possibility that
he may lose his liberty upon conviction
and...the certainty that he would be
stigmatized by the conviction.' **Ibid.** We
thus require this, among other, procedural
protections in order to 'provid[e] concrete
substance for the presumption of innocence.'
and to reduce the risk of imposing such
deprivations erroneously. **Ibid.** If a defen-
dant faces punishment beyond that provided
by statute when an offense is committed
under certain circumstances but not others,
it is obvious that both the loss of liberty
and the stigma attaching to the offense
are hightened; it necessarily follows that
the defendant should not -- at the moment
the State is put to proof of those circum-
stances -- be deprived of protections that
have, until that point, unquestionably
attached." **Apprendi v. New Jersey, 530
U.S. 466, at 484.**

16.

"...., in Mullaney v. Wilber, supra,"
(**Mullaney v. Wilber** (1975) 421 U.S. 684)
"we unanimously extended Windship's protect-
ions to determinations that went not to
a defendant's guilt or innocence, but to
the length of his sentence. 'If **Windship**',
we said, 'were limited to those facts that
constitute a crime as defined by state
law, a State could undermine many of the
interests that decision sought to protect
without effecting any substantive change
in its law. It would only be necessary
to redefine the elements that constitute
different crimes, characterizing them as
factors that bear solely on the extent
of punishment.'" Quoting from Justice
Scalia's Dissenting Openion in Almendarez-
Torres v. United States (1998) 523 U.S.
224 and as cited with approval in **Apprendi
v. New Jersey, supra, at 484.**

"Our precedents make clear....that the
'statutory maximum' for Apprendi purposes
is the maximum sentence a judge may impose
**solely on the basis of the facts reflected
in the jury verdict or admitted by the
defendant....**In other words, the relevant
'statutory maximum' is not the maximum
sentence a judge may impose after finding
additional facts, but the maximum he may
impose **without** any additional findings.
When a judge inflicts punishment that the
jury's verdict alone does not allow, the
jury has not found all the facts 'which
the law makes essential to the punishment,'
...and the judge exceeds his proper author-
ity." Id., at 303 (emphasis in original)
(quoting 1 J. Bishop, Criminal Procedure
§ 87, p. 55 (2d ed. 1872)." **Cunningham
v. California, on cert., No. 05-6551, 543
U.S. ____ (2007), from Slip Opinion, pp.
10-11, decided January 22, 2007.**

¶"California's determinate sentencing law
(DSL) assigns to the trial judge, not to
the jury, authority to find the facts that
expose a defendant to an elevated "upper
term" sentence. The facts so found are
neither inherent in the jury's verdict
nor embraced by the defendant's plea, and
they need only be established by a prepon-
derance of the evidence, not beyond a
reasonable doubt. The question presented

17.

is whether the DSL, by placing sentencing-
evaluating factfinding within the judge's
province, violates a defendant's right to
trial by jury safeguarded by the Sixth and
Fourteenth Amendments. We hold that it does."
**Cunningham v. California, supra,** Slip
**Opinion at page 1.**

### A. California's Determinate Sentencing Law (DSL)

#### (1) Aggravated Terms.

California's Determinate Sentencing Law permits a triad

of sentencing choices. Penal Code § 1170, subsection (a)(3).

Each statute defining an offense either states the applicable

triad of terms expressly, or provides for a commitment "to state

prison", in which case the applicable triad is 16 months, two

years, or three years in state prison. See Penal Code § 18.

The statute at issue in the instant matter defines Voluntary

Manslaughter as: "..the unlawful killing of a human being without

malice.....upon a sudden quarrel or heat of passion". See Penal

Code § 192(a). Voluntary Manslaughter is punishable by imprison-

ment in state prison for three, six, or eleven years. See Penal

Code § 193(a).

Penal Code section 1170(b) mandates the court to select

the middle term unless there are mitigating or aggravating

circumstances. See **People v. Jackson, 196 Cal.App.3d 380,** 391

**(1987); People v. Leung, 5 Cal.App.4th 482,** 508 (1992). Califor-

nia Rules of Court, rule 4.420(a) provides, in pertinent part:

When a judgment of imprisonment is to be
imposed and the statute specifies three
possible terms, **the court shall order
imposition of the middle term,** unless there
are circumstances in aggravation or mitiga-
tion of the crime...

18.

The implementing provision, California Rules of Court, rule 4.420 specifies that circumstances in aggravation shall be established by the preponderance of the evidence.

> (a) ...) The middle term **shall** be select-
> ed **unless imposition of the upper or
> lower term is justified by circumstances
> in aggravation or mitigation.**
>
> (b)   Circumstances in aggravation shall
> be established by a **preponderance of
> the evidence.** Selection of the upper
> term is justified only if, after con-
> sideration of all the relevant facts,
> the circumstances in aggravation out-
> weigh the circumstances in mitigation.
> The relevant facts are included in the
> case record, the probation officer's
> report, other reports and statements
> properly received, statements in aggr-
> avation or mitigation, and any further
> evidence introduced at the sentencing
> hearing...
>
> (d) A fact that is an element of the
> crime shall not be used to impose the
> upper term.
>
> (e) The reasons for selecting the upper
> or lower term shall be stated orally
> on the record, and shall include a
> concise statement of the ultimate facts
> which the court deemed to constitute
> circumstances in aggravation or miti-
> gation justifying the term selected.
> [Emphasis added]

Because California expressly forbids the dual use of facts included in the element of the offense to impose the aggravated term, the Determinate Sentencing Law necessarily requires facts beyond those determined by the jury. See California Rules of Court, rule 4.420 (d). In recognition of this fact the United States Supreme Court observed the following in **Cunningham v. California, (2007)** ___ U.S. ____ [127 S.Ct 856]:

19.

¶"Under California's DSL, an upper term
sentence may be imposed only when the trial
judge finds an aggravating circumstance.
See **supra, at 4-5.** An element of the charged
offense, essential to a jury's determination
of guilt, or admitted in a defendant's
guilty plea, does not qualify as such a
circumstance. See **supra, 5-6."** Cunningham
v. California, supra, Slip Opinion at page
15.

In **People v. Black II (7/19/07) DJAR 11041) (Black II),**
the California Supreme Court attempts to salvage California's
Determinate Sentencing Law by fashioning a rationale of the
Cunningham decision which is distinguishable to the facts of
that specific case and contain circumstances which are not common
to criminal proceedings in California.

The defendant in Black II went to jury trial on information
which charged him with one count of continuous sexual abuse of
a child in violation of P.C. § 288.5, involving victim T.R.,
and two counts of lewd and lascivious conduct with a child in
violation of P.C. § 288(a), involving victims A.T. and H.T.
The information alleged that count one was committed by use
of "force, violence, duress, menace, and fear of immediate and
unlawful bodily injury", a fact which is not an element of the
offence of P.C. § 288.5. Therefore, in the Black case the jury
was asked to, and did, determine facts beyond a reasonable doubt
which are not necessary elements of the charged offense but
which do qualify as an aggravating fact. This is an unusual
occurrence and turns on the charging Information, The common
procedure in California is for the charging Information to limit
its contents to identifying the Court and the Parties involved,

20.

1  and identifying the Public Offense committed. (See P.C. §§ 950,

2  951, and 953) Almost never does the charging Information contain

3  facts not essential to be proved. (See P.C. § 953) Most often,

4  this is limited to the essential elements of an offense. The

5  Black case is distinguishable in this regard, and may very well

6  pass the constitutional scrutiny of Cunningham. But almost no

7  other case will.

8      The Black II Court went on to explain that if one aggravat-

9  ing factor passed constitutional muster then the sentencing

10  court was free to apply as many aggravating facts as it found

11  by a preponderance of the evidence in order to exceed the stat-

12  utory maximum middle term and impose the aggravated term. This

13  is an erroneous conclusion for the following reasons:

14      If the sentencing court imposed an aggravated term based

15  upon three distinctive aggravating factors, only one of which

16  is constitutional pursuant to Cunningham....which one was the

17  determinative factor which actually persuaded the Court to

18  impose the aggravated term? Was the determinative aggravating

19  factor constitutionally found? In answering this question petit-

20  ioner directs the court's attention to a Federal Court Judge

21  who was asked to formulate guidelines for determining whether

22  an actors motivations for recording confidential conversations

23  ran afoul of the federal statute:

24          I conclude that, properly interpreted,
          § 2511(2)(d) forbids the recording of com-
25          munications between private persons by
          or with the consent of one of the parties
26          when it is shown either (1) that the primary
          motivation, or (2) that a determinative
27          factor in the actor's motivation for

21.

intercepting the conversation was to commit a criminal, tortious, or other injurious act. ...., this reading takes into account the complexity of human motivation and reflects a common sense understanding of "the purpose." The first branch of this two-part standard ("primary" motivation) is supported by the opinion on the second appeal of <u>Phillips</u>, where the court stated that "[a]lthough Overton admitted that use of the tape to publicly embarrass Phillips if he went back on his word was a 'far-fetched possibility,' the subsequent failure to so use the tape reinforces the finding that the primary purpose for making it was to obtain a record of what was said." 564 F.2d at 34 (emphasis added). The second branch of the standard ("a determinative factor") is supported by precedents in other areas of the law where courts are often faced with circumstances of mixed motives. For example, when considering violations of the federal statutes pro-hibiting race, sex or age discrimination in employment, the courts frequently must determine whether a forbidden motive was "a determinative factor" in the firing. E.g. Monterio v. Poole Silver Co., 615 F.2d 4, 9 (1st. Cir. 1980) (race discrim-ination)" **United States v. Vest (1986) 639 F.Supp. 899, 904-905. Aff'd 813 F.2d 477. Cert/ den. (1988) 488 U.S. 965.)**

When a sentencing court is allowed to act with mixed motives for imposing a sentence beyond the statutory maximum all factual findings must pass constitutional scrutiny. "..the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." **In re Windship, 397 U.S. 358, 364 (1970)**

In the instant matter the sentencing court recited three factors in aggravation:

"The sentence will be computed as fol-lows: As to count I the violation of 192

22.

1    of the Penal Code , I'm imposing the high
     term based on the factors in aggravation
2    and in particular **your prior convictions
     and the fact you were on a conditional**
3    **sentence at the time of the offense**, and
     **the nature of your conduct**, to a term of
4    11 years." Ex. B at p. 14:12-17.

5    The above sentencing factors may arguably be sufficient

6    to impose a term within the statutory maximum range...but not

7    to exceed it.[2.]

8    "You were on a conditional sentence at the time of the

9    offense" implicates the use of rule 4.421(b)(5) [The defendant's

10   prior performance on probation or parole was unsatisfactory.]

11   as an aggravating factor. This is a subjective determination

12   requiring additional factfinding beyond those facts encompassed

13   by petitoner's plea. Petitioner had successfully completed 15

14   months of an 18 month period of informal probation which was

15   imposed for the crime of Public Intoxication. Up until the date

16   of the current offense there is no indication that petitioner

17   had not successfully complied with all of the conditions of

18   that probation. An enhanced sentence based upon such factual

19   determinations violate Cunningham's constitutional mandate.

20   "..the nature of your conduct,". What does that mean?

21   Petitioner plead guilty to the offense of Voluntary Manslaughter

22   in Count 1 of the Information. Voluntary Manslaughter is the

23   taking of a human life without malice; where one acts in the

24   heat of passion; or, in unreasonable self-defense; or acts with

25   conscious disregard for life but with no intent to kill. See

26   2. Erroneous utilization of prior convictions to impose a
     sentence in excess of the statutory maximum is argued below.

27

23.

1   **People v. Parras (2005) 27 Cal.Rptr.3d 567.** Does the Court mean
2   the petitioner's conduct in taking a human life? If so, this
3   is prohibited by rule 4.420(d) of the California Rules of Court
4   which prohibits the use of a fact that is an element of the
5   offense from being used to aggravate a sentence. If not, then
6   it encompassed a factual determination of facts not encompassed
7   by petitioner's plea and violates Cunningham. One can't help
8   but to speculate that the sentencing judge (who was also the
9   trial judge in this matter) may have based this portion of the
10  aggravated findings upon evidence which was presented during
11  the three days of trial which proceeded the change of plea.
12  Evidence which was left unmitigated because the trial ended
13  before such evidence was presented. This would encompass factual
14  determinations effecting the sentence in violation of Cunningham.
15  Further, it must be noted that the Presentence Report notes
16  that there are no circumstances in aggravation pursuant to rule
17  4.421(a) of the Rules of Court: Facts relating to the crime.
18  See **Ex C at p. 7.**
19
20          (2) Consecutive Sentencing:
21      Like the sentencing scheme relating to the imposition of
22  the aggravated term, in California the imposition of consecutive
23  terms involves judicial fact-finding by a preponderance of the
24  evidence standard.
25      California Penal Code section 669 governs the imposition
26  of most consecutive sentences. It provides in pertinent part:
27

24.

> (a) When any person is convicted of two
> or more crimes, whether in the same
> proceeding or court or in different pro-
> ceedings or court, and whether by judgment
> rendered by the same judge or by different
> judges, the second or other subsequent
> judgment upon which sentence is ordered
> to be executed shall direct whether the
> terms of imprisonment or any of them to
> which he or she is sentenced shall run
> concurrently or consecutively..."

Actual imposition of a consecutive sentence is governed by Penal Code § 1170.1 which sets forth the manner of calculating and determinations to impose consecutive sentences. Penal Code section 1170(d) states, in pertinent part:

> The court **shall** also impose any other
> additional term **which the court determines
> in its discretion or as required by law
> shall run consecutive** to the term imposed
> under 1170. **In considering the imposition
> of such additional term, the court shall
> apply the sentencing rules of the Judicial
> Counsel.** (Emphasis added)

California Penal Code section 1170.3 provides statutory for the rules of the Judicial Counsel, specifically subsection (3) on the imposition of concurrent or consecutive sentences. The rules are codified in the California Rules of Court. Rule 4.425 sets forth the "Criteria Affecting Concurrent Or Consecutive Sentences". Subsection (a) sets out "Facts relating to the crimes,". Subsection (b) sets forth specific limitations on facts which may be considered to impose a consecutive term. Facts which are an element of the crime may not be used (b)(ii).

Petitioner hereby argued that the above statutes and rules create a clear presumption in favor of imposing a

25.

concurrent sentence for any additional terms because the

sentencing court is <u>required</u> to perform additional fact-finding

which is beyond the scope of the factual admissions contained

in a plea of guilty or facts found by a jury. Such determinat-

ions are made by preponderance of the evidence in violation

of a defendant's right to trial and due process. As the Cal-

ifornia Supreme Court recognized in Black II:

> Some state courts have concluded that
> if the sentencing scheme creates a
> presumption in favor of concurrent
> sentences that may be overcome only by
> factual findings, the Sixth Amendment
> required that those findings be made
> by a jury." **People v. Black II, supra,
> at p. 11050**

Read as a whole California's sentencing scheme creates

just such a presumption. In those areas of the scheme where

there exists no such presumption the Penal Code makes itself

unambiguous. In those areas consecutive sentencing is made

mandatory. For example Penal Code § 667(a) states, in pertin-

ent part, "The terms of the present offense and each enhance-

ment shall run consecutively".

In the instant matter the court imposed consecutive

sentences based upon it's findings that the offenses were

different in nature and "also the stipulation that was entered

into in regard to sentencing.

First: in regard to the sentencing stipulation, petition-

er stipulated to a sentencing exposure not to exceed 13 years

and 8 months. He did not stipulate that the sentence could

not be less than 13 years and 8 months.

26.

1      Second: the crimes were not different in nature. Count

2  1 and Count 3 were assaults in nature. Did the sentencing

3  court mean to indicate that the crimes involved a different

4  motive and were therefore different in nature? If so this

5  constitutes a factual finding of a mental state and violates

6  Cunningham.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

27.

1 | <u>Controlling Principals Of Law Applied To Prior Convictions:</u>

2 | ¶"...it is arguable that Almendarez-Torres"
(Almendarez-Torres v. United States (1998)
3 | 523 U.S. 224 "was incorrectly decided, and
that a logical application of our reasoning
4 | today should apply if the recidivist issue
were contested, ...." **Apprendi v. New Jersey,**
5 | **supra, at 489-490.**

6 |      In reasoning that Almendarez-Torres was wrongly decided

7 | Justice Thomas wrote:

8 | ¶"..., one of the chief errors of Almendarez-
Torres -- an error to which I succumbed
9 | -- was to attempt to discern whether a parti-
cular fact is traditionally (or typically)
10 | a basis for a sentencing court to increase
an offender's sentence. 523 U.S. 243-244."
11 | [citation omitted] "For the reasons I have
given, it should be clear that this approach
12 | just defines away the real issue. What mat-
ters is the way by which a fact enters into
13 | the sentence. If a fact is by law the basis
for imposing or increasing punishment --
14 |  for establishing or increasing the prosecut-
ion's entitlement -- it is an element. (To
15 | put the point differently, I am aware of
no  historical basis for treating as a non-
16 | element a fact that by law sets or increases
punishment.) When one considers the question
17 | from this perspective, it is evident why
the fact of a prior conviction is an element
18 | under a recidivisim statute. In deed, cases
addressing such statutes provide some of
19 | the best discussions of what constitutes
an element of a crime. One reason frequently
20 | offered for treating recidivism differently,
a reason on which we relied in Almendarez-
21 | Torres, supra, at 235," [citation omitted]
, "is the concern for prejudicing the jury
22 | by informing it of the prior conviction.
But this concern, of which earlier courts
23 | were well aware, does not make the tradition-
al understanding of what an element is any
24 | less applicable to the fact of a prior convi-
ction. See, e.g., Maguire, 47 Md, at 498;
25 | Sticles, 156 NY, at 547, 51 NE, at 290[10]"
**Apprendi, supra, at 521.**

26 |

27 | "10. In addition, it has been common
practice to address this concern by

permitting the defendant to stipulate to
the prior conviction, in which case the
charge of the prior conviction is not read
to the jury, or, if the defendant decides
not to stipulate, to bifurcate the trial,
with the jury only considering the prior
conviction after it has reached a guilty
verdict on the core crime." [citation
omitted] "People v. Saunders, 5 Cal.4th
580, 587-588." **Apprendi v. New Jersey, supra,
at 521, fn 10.**

Almendarez-Torres was wrongly decided and sets an egregious

precedent which opens the door for prosecutorial and judicial

abuse in the unlimited use of any prior conviction. The facts

upon which the United States Supreme Court decided Almensarez-

Torres are distinguishable to that case. The defendant in

Almendarez-Torres "...entered a plea of guilty. At a hearing,

before the District Court accepted his plea, Almendarez-Torres

admitted that he had been deported, that he had later unlawfully

returned to the United States, and that the earlier deportation

had taken place 'pursuant to' three earlier 'convictions' for

aggravated felonies." **Almendarez-Torres, supra, at 227.** There

was no question of the accuracy of the fact finding procedure

because Almendarez-Torres did not dispute the facts...he admitted

them.   Further, the subject matter specifically addressed by

the Court in Almendarez-Torres is "the prior commission of a

serious crime". **Almendarez-Torres, supra, at 230.** In the instant

matter the petitioner's prior adult convictions are for two

occasions of Public Intoxication a year apart. These are not

the "serious" crimes addressed in Almensarez-Torres, these are

nuisance crimes of the same caliber as littering and loitering.

In reaching their conclusion in Almendarez-Torres the

29.

1  Court delineated what factors were considered:

2      ¶"In assessing petitioner's claim, we have
        examined McMillan to determine the various
3      features of the case upon which the Court's
        conclusion arguably turned. The McMillan
4      Court pointed out: (1) that the statute
        plainly 'does not transgress the limits
5      expressly set out in Patterson,: 477 U.S.
        at 86; (2) that the defendant (unlike
6      Mullaney's defendant) did not face '"a
        differential in sentencing ranging from
7      a nominal fine to a mandatory life sent-
        ence,'" 477 U.S. at 87 (quoting Mullaney,
8      421 U.S. at 700); (3) that the statute
        did not 'alter the maximum penalty for
9      the crime' but 'operates solely to limit
        the sentencing court's discretion in select-
10     ing a penalty within the range already
        available to it,' 477 U.S. at 87-88; (4)
11     that the statute did not 'create a separate
        offense calling for a separate penalty,'
12     477 U.S. at 88; and (5) that the statute
        gave 'no impression of having been tailored
13     to permit the visible possession finding",
        (possession of a gun), "to be a tail which
14     wags the dog of the substantive offense,'
        but, to the contrary, 'simply took one
15     factor that has always been considered
        by sentencing courts to bear on punishment..
16     and dictate the precise weight to be given
        that factor,' 47 U.S. at 88, 89-90."
17     **Almendarez-Torres, supra, at 242-243.**

18     While the above five factors may not have been present in

19  the Almendarez-Torres case, they most assuredly are an integral

20  part in the unlimited use of prior convictions to enhance a

21  sentence beyond the statutory maximum in California's sentencing

22  scheme.

23     The Court in Almendarez-Torres was addressing the use of

24  prior felony convictions of a serious nature. Petitioner has

25  two prior convictions for being drunk in public..misdemeanors..

26  crimes of public nuisance...yet he received the same aggravated

27  sentence as would one   previously convicted of a serious or

1 | violent felony. In that instance the sentencing court would have
2 | had the option to impose a sentence pursuant to the statue charg-
3 | ing the prior conviction or as an aggravating sentencing factor
4 | pursuant to rule 4.420(c) of the California Rules of Court. But
5 | at least that defendant would have had the right to be charged
6 | and tried on the allegations of the prior conviction. See Penal
7 | Code § 1158. In the instant case the petitioner suffered the
8 | same liability without the protections afforded an offender with
9 | prior felony convictions; i.e., the right to trial and a finding
10 | of beyond a reasonable doubt. This offends due process ander
11 | equal protection under the 14th Amendment to the Constitution
12 | of the United States.

13 |    Petitioner should be afforded the constitutional protections
14 | set forth in **Apprendi, supra,** and **Cunningham, supra.**

16 |                              **CONCLUSION**
17 |    For the reasons set forth herein petitioner's sentence must
18 | be modified the reflect the imposition of the middle term on
19 | Count 1 to a term of 6 years with a one year enhancement for
20 | the use of a knife pursuant to P.C. § 12022(b). All other Counts
21 | must run concurrently for a total aggregate term of 7 years.

23 | Dated: 5·23·08                    Respectfully Submitted,

24 |                                   Matthew Cruz, In Pro Per

31.

S157871

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

In re MATTHEW MANUEL CRUZ on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

George, C. J., was absent and did not participate.

SUPREME COURT
**FILED**

APR 2 3 2008

Frederick K. Ohlrich Clerk

_____
Deputy

_____
**WERDEGAR**
Acting Chief Justice

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MATTHEW CRUZ,
       Petitioner,

    v.

RICHARD SUBIA, (Warden),
       Respondent.
_____/

DOCKET NO. _____

PETITION FOR WRIT OF
HABEAS CORPUS

(Sentencing Only)


FROM JUDGMENT OF THE SUPERIOR COURT

IN AND FOR THE COUNTY OF SONOMA

HONORABLE R.A. CHOUTEAU, JUDGE


Matthew Cruz F-03927
Mule Creek State Prison
P.O. Box 409060
Ione, CA 95640

_Matthew Cruz_____
Matthew Cruz, In Pro Se

(With aid of inmate legal
assistant)

BY PERSON IN STATE CUSTODY

## TABLE OF CONTENTS

Page

Petition For Writ Of Habeas Corpus                      1-31

The Issues Herein Are Properly Presented                7-8

Incorporation Of Documents                              8

Statement Of The Case                                   9-10

Statement Of Relevant Facts Of The Case                 11-15

Memorandum Of Argument And Authorities                  16-31

CLAIM I                                                 16-31

PETITIONER WAS DENIED HIS RIGHT TO A JURY
TRIAL UPON FACTS NECESSARY TO IMPOSE A
SENTENCE BEYOND THE STATUTORY MAXIMUM
AUTHORIZED BY THE VERDICT OF THE JURY AT
TRIAL OR BY PLEA OF GUILTY TO THE CHARGED
OFFENSES IN VIOLATION OF THE SIXTH AND
FOURTEENTH AMENDMENTS OF THE CONSTITUTION
OF THE UNITED STATES, AND; ARTICLE I, §§
15 AND 24 OF THE CONSTITUTION OF THE STATE
OF CALIFORNIA

Controlling Principal Of Law                            16-18

A: California's Determinate Sentencing Law          18-31

(1) Aggravated Sentences                        18-24

(2) Consecutive Sentences                       24-27

(3) Prior Convictions                           28-31

Conclusion                                              31

Supporting Exhibits Provided In Separate Volume

## TABLE OF STATUTES

                                                          PAGE

California Penal Code Sections:

                186.22(a)                                     9
                189                                           9
                192                                        2,  9
                245(a)(1)                               2,  9,  14
                667(a)                                       26
                950                                         21
                951                                         21
                953                                         21
                1170                                      18,  25
                1170.3                                       25
                12022 (b)                               2,  9,  31


California Rules Of Court

        Rule Number:

                4.420                                   19,  21,  31
                4.421                                      23,  24
                4.425                                         25


United States Constitutional Amendments:

                6th                                        passim
                14th                                       passim

# DECLARATION OF SERVICE BY MAIL

Case Name: <u>In re Matthew Cruz</u>        Case Number: _____

I, <u>Gaylin Burleson</u>_____, hereby certify that I am a citizen of the United States, over the age of 18 years, and am (not) a party to the within action.  I am currently incarcerated at Mule Creek State Prison.  My mailing address is P.O. Box 409060, Ione California, 95640-9060.

On <u>6/27/08</u>_____, I served the following documents:
### DOCUMENTS SERVED:

Petition for writ of habeas corpus and Notice of Lodgment of Exhibits

To the following parties:
### PARTIES SERVED:

California Attorney General
455 Golden Gate Ave. #11000
San Francisco 94102

I enclosed a true copy of said document(s) in a sealed envelope addressed to each of the above persons or parties, and personally handed the envelope into the custody of the Correctional Officer in charge of outgoing legal mail, for delivery tot he United States Postal Service, in accordance with established institutional mailing procedures.

I, <u>Gaylin Burleson</u>____, hereby certify and declare under penalty of perjury the foregoing is true and correct.  Executed on <u>6/23/08</u>_____, at Ione CA, by:

_____
, Declarant

Matthew Cruz F-03927
Mule Creek State Prison
P.O. Box 409060
Ione, CA 95640


                        May 21, 2008

Clerk of the Court                    **E-filing**           *MMC*
U.S. District Court
Northern District of California
450 Golden Gate Ave.                  **CV 08        2793**
San Francisco, CA 94102

Re: Filing Writ Petition.

Dear Clerk:

    Enclosed you will find a petition for writ of habeas corpus, volume **(PR)**
of supporting exhibits and Notice of Lodgment of Exhibits for filing in your
court. I have also enclosed a self addressed, Stamped envelope and an extra
cover page of the writ for comforming and returning to me.
    I am an indigent state prisoner. Forma Paupris forms are being processed
by the prison trust account office and will be mailed as soon as this is
completed. I apologize that the pages are not bound, I have no binding mater-
ial in this prison.
                        Sincerely,

                        Matthew Cruz

Matthew Carr F-03929
Mule Creek State Prison
P.O. Box 409060
Ione, Ca. 95640   Cy-110 M

RECEIVED
MAY 8, 0 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Legal Mail

U.S. Dist. Court
Northern Dist. of California
450 Golden Gate Ave.
San Francisco, Ca. 94