IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATTHEW CRUZ, | ) | No. C 08-2793 MMC (PR) |
| Petitioner, | ) ) | **ORDER OF DISMISSAL; DENYING AS MOOT REQUEST FOR EMERGENCY INJUNCTIVE RELIEF AND APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| v. | ) ) | |
| RICHARD SUBIA, Warden, | ) ) | |
| Respondent. | ) ) | **(Docket No. 4)** |
| _____ | ) | |

On June 4, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.[1]

**BACKGROUND**

In 2005, in the Superior Court of Sonoma County, petitioner pled guilty to voluntary manslaughter, participation in a criminal street gang, assault, and use of a weapon. He was sentenced to a term of thirteen years and eight months in state prison. Petitioner did not appeal the conviction. Rather, petitioner filed state habeas corpus petitions in the Superior Court, the California Court of Appeal, and the California Supreme Court, challenging the sentence imposed by the trial court. All of the state habeas petitions were denied.

---

[1] Together with his petition, petitioner filed an application for leave to proceed in forma pauperis. As petitioner has paid the $5.00 filing fee, the application will be denied as moot.

**DISCUSSION**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner claims the trial court violated his Sixth Amendment right to a jury trial by sentencing him to an aggravated term of eleven years on the manslaughter charge. In particular, petitioner claims the trial court erred when making the determination that an aggravated sentence was permitted based on petitioner's prior convictions, his unsatisfactory performance on probation, and "the nature of [petitioner's] conduct." (Pet. at 22-23.) Additionally, petitioner claims the trial court should have sentenced him to concurrent, rather than consecutive, sentences. Petitioner bases his claims on the Supreme Court's holding in Cunningham v. California, 549 U.S. 270 (2007), in which the Supreme Court held California's determinate sentencing law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper-term sentence. For the following reasons, the Court finds petitioner's claims are without merit and, consequently, the petition is subject to dismissal.

Cunningham is the most recent in a line of Supreme Court cases decided subsequent to Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court extended a defendant's right to trial by jury to findings of fact used by the sentencing court to increase a defendant's sentence. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Under Apprendi, the "statutory maximum" is the maximum sentence a judge could impose based solely on the facts reflected

2

in the jury verdict or admitted by the defendant; in other words, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather the maximum he could impose without any additional findings. Blakely v. Washington, 542 U.S. 296, 303-04 (2004).

In Cunningham, the Supreme Court applied the above reasoning to California's determinate sentencing law ("DSL"), and found such sentencing scheme violated the Sixth Amendment because the DSL allowed the sentencing court to impose an elevated sentence based on aggravating facts that the trial court found by a preponderance of the evidence, rather than facts found by a jury beyond a reasonable doubt. Id. at 860, 870-71.

Here, petitioner's Cunningham claim is without merit because the record of the sentencing transcript, filed as an exhibit to the petition, shows the trial court did not err in imposing the upper term on the manslaughter charge. In particular, the transcript shows the trial court relied upon the following aggravating factors to impose the upper term on the manslaughter charge: petitioner's prior convictions, the fact petitioner was on probation when the crime was committed, and "the nature of [petitioner's] conduct." (Pet. Ex. B at 14;12-17; see Rule 4.421(b), Cal. R. Ct. (listing factors that may be considered in aggravation of sentence). Under California's sentencing scheme, only one aggravating factor is necessary to support imposition of the upper term. Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008). Consequently, if at least one of the aggravating factors on which the trial court relied in sentencing petitioner was established in a manner consistent with the Sixth Amendment, petitioner's sentence was not in violation of the Sixth Amendment. Id.

Contrary to petitioner's assertion, no Sixth Amendment violation occurred when, under Rule 4.421(b)(2), the trial court relied upon the fact of petitioner's prior convictions to apply the upper term. As Apprendi made clear, the fact of a prior conviction is a sentencing factor that may be relied upon to enhance a sentence without being submitted to a jury or proved beyond a reasonable doubt. See Apprendi, 530 U.S. at 490; United States v. Pacheco-Zepeda, 234 F.3d 411, 414-15 (9th Cir. 2001), cert. denied, 532 U.S. 966 (2001) (relying on Apprendi to hold prior convictions, whether or not admitted by defendant on record, are

1 sentencing factors rather than elements of charged crime).

2 Additionally, petitioner does not claim the trial court erred by finding, under Rule
3 4.421(b)(4), that petitioner was on probation when the crime was committed. (Pet. Ex. B at
4 14:15-16). Indeed, the fact of petitioner's probation is noted in the pre-sentence report, (Pet.
5 Ex. C at 4 & 7), petitioner states in his petition that he was on probation at the time of the
6 commitment offense, and he does not argue herein that he did not admit to such at the time of
7 his plea.[2] (Pet. at 23.)

8 Finally, petitioner cites to no case law, and the Court is aware of none, holding a trial
9 court's decision to apply a consecutive, rather than concurrent, sentence, is subject to
10 Cunningham and the Sixth Amendment concerns addressed therein. Consequently, as the
11 Supreme Court has not spoken on this issue, and federal habeas corpus relief is limited to
12 violations of "clearly established Federal law, as determined by the Supreme Court of the
13 United States," 28 U.S.C. § 2254(d), petitioner's consecutive sentencing claim is without
14 merit.

15 In sum, it is clear from the petition and attachments thereto that at least one of the
16 aggravating factors on which the trial court relied in sentencing petitioner was established in
17 a manner consistent with the Sixth Amendment. Consequently, petitioner's Cunningham
18 claim is without merit and the petition will be dismissed. See Butler, 528 F.3d at 639.[3]

### CONCLUSION

20 For the reasons stated above, the Court orders as follows:

21 1. The petition is hereby DISMISSED for failure to present a cognizable claim for
22 habeas corpus relief.

---

[2] Petitioner does argue, under Cunningham, that the trial court should not have determined, under Rule 4.421(b)(5), that his prior performance on probation was unsatisfactory, as he had successfully completed fifteen months of his eighteen month term at the time of the offense. The sentencing transcript, however, does not show the trial court relied on such aggravating factor.

[3] In light of such dismissal, petitioner's request for emergency injunctive relief to prohibit his transfer to a prison in Arizona during the pendency of this action will be denied as moot.

4

2. Petitioner's application to proceed in forma pauperis and his request for emergency injunctive relief are hereby DENIED as moot.

This order terminates Docket No. 4.

IT IS SO ORDERED.

DATED: January 23, 2009

_____
MAXINE M. CHESNEY
United States District Judge